IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SPECIALIZED MONITORING SOLUTIONS, LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> EMERSON NETWORK POWER, INC., <br><br> *Defendant*. | § § § § § § § § § § § § |   Civil Action No. 2:15-CV-32-RWS-RSP |

## **DEFENDANT EMERSON'S MOTION TO DISMISS UNDER RULE 12(B)(6)**

Defendant Emerson Network Power, Inc. ("Emerson") requests that the Court dismiss the present action pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint filed by Plaintiff Specialized Monitoring Solutions, LLC ("SMS") fails to state a claim upon which relief can be granted.

Defendant Emerson is a wholly-owned subsidiary of Emerson Electric Co., a publicly traded company. *See* Exh. 1, Declaration of John Groves ("Groves Decl."), ¶ 2. Parent Emerson Electric Co. does business through its direct and indirect subsidiaries, with subsidiaries typically being grouped into what are referred to as "business platforms." *Id*. at ¶ 3. Each business platform is comprised of one or more subsidiaries of Emerson Electric Co. *Id*. Thus, each business platform is a marketing name (not a legal entity) that refers to one or more subsidiaries doing business in a particular technology or commercial area. *Id*.

One of Emerson Electric Co.'s business platforms is called "Emerson Network Power." *Id*. at ¶ 4. One of the companies within the Emerson Network Power business platform is Liebert Corporation. *Id*. Liebert Corporation sells the product accused of infringement in SMS's complaint (*i.e.*, the Liebert SiteScan product). *See id*. at ¶ 5; Complaint, ¶ 7 (Dkt. 1).

Defendant Emerson has never conducted any business.  *See* Groves Decl., ¶ 2.  It has never sold any products or services.  *Id*.  It has no employees, and has no subsidiaries of its own.  *Id*.  Its 2013 tax return shows a grand total of $1000 in assets.  *Id*.  Defendant Emerson was set up in the event that Emerson Electric Co. decided to consolidate all of the Emerson Network Power legal entities under a single holding company.  *Id*.  That never happened.  *Id*.

The Emerson Network Power business platform and the Defendant Emerson are two completely different things.  The business platform named "Emerson Network Power" is essentially a marketing label.  The Defendant Emerson is a legal entity that has never made or sold any products.

When considering a motion under Rule 12(b)(6), the Court is obligated to presume that all well-pleaded allegations are true, resolve all doubts and inferences in the plaintiff's favor, and view the pleadings in the light most favorable to the plaintiff.  *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the Court cannot accept as true bald assertions, conclusions, inferences, or legal conclusions couched as facts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic*, 550 U.S. at 555.

Here, SMS has not provided facts showing that Defendant Emerson has made or sold the accused SiteScan product.  Instead, SMS makes bald allegations that Emerson sells, installs, and implements that product (*see* Complaint, ¶¶ 7-8), and couches its allegations that Emerson makes, uses, and sells the SiteScan product in terms of legal conclusions (*see* Complaint, ¶¶ 11, 13).  As such, SMS provides nothing that this Court must assume is true for purposes of ruling on this motion.

Defendant Emerson has advised SMS's counsel of the situation described above first in a telephone call and later in a follow-up letter.  Emerson's counsel called Plaintiff's counsel and informed them that the named Emerson entity did not make or sell the SiteScan product.  Emerson's counsel further advised that Liebert Corporation ("Liebert") is the company that sells the SiteScan product.  Liebert is a separate and distinct legal entity which sells under the Emerson Network Power business platform, and that was fully explained to Plaintiff's counsel.  Emerson's counsel also advised SMS that, if need be, it would file a motion to dismiss under Rule 12(b)(6) to remove Emerson from this litigation.  *See* Exh. 2 (true and correct copy of letter between counsel).  In response, SMS's counsel stated that they needed to investigate the information provided to them, and offered to extend the date to respond to the complaint by 30 days.

Defendant Emerson does not make, use, sell, offer for sale, or import the SiteScan product.  Indeed, Emerson conducts no business whatsoever, and never has.  Thus, Emerson is not a proper party, and should not have to wait until Plaintiff investigates whether its claims have merit.  Emerson respectfully requests that the Court dismiss this action pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.

Dated:  March 17, 2015

Respectfully submitted,

_/s/ Melissa R. Smith_
Melissa R. Smith
GILLAM & SMITH LLP
303 South Washington Ave.
Marshall, Texas 75670

*Of counsel:*

Donald L. Jackson
James D. Berquist
J. Scott Davidson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
4300 Wilson Blvd., Suite 700
Arlington, VA 22203

***Attorneys for Defendant Emerson Network Power, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of March, 2015, a true and correct copy of the foregoing document has been served via the Court's ECF system to all counsel of record.

*/s/ Melissa R. Smith*
Melissa R. Smith