IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SPECIALIZED MONITORING SOLUTIONS, LLC, | § § § § § § § § § § § § | Civil Action No. 2:15-CV-32-RWS-RSP |
| *Plaintiff*, | | |
| v. | | |
| EMERSON NETWORK POWER, INC., | | |
| *Defendant*. | | |

### DEFENDANT EMERSON NETWORK POWER INC.'S RENEWED MOTION TO DISMISS UNDER RULE 12(B)(6) AND RULE 12(B)(3)

Defendant Emerson Network Power, Inc. ("Network Power, Inc.") requests that the Court dismiss it from the present action pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(3). The amended complaint filed by Plaintiff Specialized Monitoring Solutions, LLC ("SMS") fails to state a claim against Network Power, Inc. upon which relief can be granted. In addition, venue is improper in this district because Network Power, Inc. does not reside in this district, has not committed acts of infringement in this district, and does not have a regular and established place of business in this district.[1] *See* 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

### I.   NETWORK POWER, INC. SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM AGAINST IT

Defendant Network Power, Inc. does not, and never has, made or sold ***any*** products – much less the accused products. Network Power, Inc. is a wholly-owned subsidiary of Emerson

---

[1] Network Power, Inc. filed a motion to dismiss based on the allegations contained in the original complaint. *See* Dkt. 11. On May 29, 2015, this Court granted SMS's motion to file an amended complaint adding Emerson Electric Co. and Liebert Corporation to this action, and indicated that Network Power, Inc. was entitled to file the present motion to dismiss with respect to the amended complaint. *See* Dkt. 24.

Electric Co., a publicly traded company. *See* Exh. 1, Declaration of John Groves ("Groves Decl."), ¶ 2. Parent Emerson Electric Co. has direct and indirect subsidiaries that make and sell products and services, with the subsidiaries typically being grouped into what are referred to as "business platforms." *Id*. at ¶ 3. Each business platform is comprised of one or more subsidiaries of Emerson Electric Co. *Id*. Thus, each business platform is a marketing name (not a legal entity) that refers to one or more subsidiaries doing business in a particular technology or commercial area. *Id*.

One of Emerson Electric Co.'s business platforms is called "Emerson Network Power." *Id*. at ¶ 4. One of the companies within the Emerson Network Power business platform is Liebert Corporation ("Liebert"). *Id*. Liebert sells the only accused product *specifically identified* in SMS's amended complaint (*i.e.*, the accused Liebert SiteScan product). *See id*. at ¶ 5; Amended Complaint, ¶ 9 (Dkt. 15).

Network Power, Inc. has never conducted any business. *See* Groves Decl., ¶ 2. It has never sold any products or services. *Id*. It has no employees, and has no subsidiaries of its own. *Id*. Its 2013 tax return shows a grand total of $1000 in assets. *Id*. Network Power, Inc. was set up in the event that Emerson Electric Co. decided to consolidate all of the Emerson Network Power legal entities under a single holding company. *Id*. That consolidation never happened. *Id*.

The Emerson Network Power business platform and the named defendant, Network Power, Inc., are two completely different things. The business platform named "Emerson Network Power" is essentially a marketing label. Not surprisingly, the "Emerson Network Power" marketing name is used on the website for the Emerson Network Power business unit. But Network Power, Inc. is a legal entity that has never made or sold any products.

When considering a motion under Rule 12(b)(6), the Court is obligated to presume that all well-pleaded allegations are true, resolve all doubts and inferences in the plaintiff's favor, and view the pleadings in the light most favorable to the plaintiff. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 249 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Court cannot accept as true bald assertions, conclusions, inferences, or legal conclusions couched as facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Twombly*, 550 U.S. at 555.

Here, SMS has not provided facts showing that Network Power, Inc. has made or sold the accused SiteScan product. Instead, SMS makes bald allegations that Network Power, Inc. sells, installs, and implements that product (*see* Amended Complaint, ¶¶ 9-10), and couches its allegations that Network Power, Inc. makes, uses, and sells the SiteScan product in terms of legal conclusions (*see* Complaint, ¶¶ 13, 15). As such, SMS provides nothing that this Court must assume is true for purposes of ruling on this motion.

In its amended complaint, SMS also stated that the accused instrumentalities include ***unidentified*** "Emerson Network Power-branded hardware." *See* Dkt. 15, ¶ 9. But the amended complaint does not identify *what* hardware it is accusing of infringement. The Emerson Network Power business unit's website lists all types of products for sale. Yet, SMS did not identify a single one other than the SiteScan product. Thus, SMS cannot use the unidentified products as a basis to assert that it has properly stated a claim for relief against Network Power, Inc., Emerson Electric Co. or Liebert.[2] Indeed, as noted above, Network Power Inc. has not made or sold the accused SiteScan product or even the generically-identified "Emerson Network Power-branded

---

[2] SMS has not served Emerson Electric Co. or Liebert. Indeed, SMS has yet to obtain a summons for either of those entities. Thus, issues relating to the sufficiency of the amended complaint against those entities will have to be addressed later.

hardware." Despite briefing this issue over several months, SMS has yet to identify any infringing conduct by Network Power, Inc. SMS's best proof is reference to a website that uses the "Emerson Network Power" business unit name. But that site does not belong to Network Power, Inc., and the products identified on that site are sold by companies other than Network Power, Inc., including Liebert.

Network Power, Inc. has advised SMS's counsel that Network Power, Inc. does not sell any products first in a telephone call and later in a follow-up letter. Network Power, Inc.'s counsel called Plaintiff's counsel and informed them that the named Emerson entity did not make or sell the SiteScan product. Network Power, Inc.'s counsel further advised that Liebert is the company that sells the SiteScan product. Liebert is a separate and distinct legal entity which sells under the Emerson Network Power business platform, and that was fully explained to Plaintiff's counsel. Network Power, Inc.'s counsel also advised SMS that, if need be, it would file a motion to dismiss under Rule 12(b)(6) to remove Network Power, Inc. from this litigation. *See* Exh. 2 (true and correct copy of letter between counsel). In response, SMS's counsel stated that they needed to investigate the information provided to them, and offered to extend the date to respond to the complaint by 30 days. That was nearly three months ago, and SMS has still not agreed to dismiss Network Power, Inc. or provided any evidence that Network Power, Inc. sells the SiteScan product. Indeed, despite asking the Court for authorization to seek expedited discovery as to Network Power, Inc.'s commercial activities (*see* Dkt. 13, p. 3), SMS has never served any discovery on the issue and in fact conditioned even identifying the discovery it wanted on Network Power, Inc.'s withdrawal of its motion to dismiss and agreement to produce the discovery without knowing what those requests included. *See* Dkt. 16, Exhs. 3 and 4.

Network Power, Inc. does not make, use, sell, offer for sale, or import the SiteScan product. Indeed, Network Power, Inc. conducts no business whatsoever, and never has. Thus, Network Power, Inc. is not a proper party. Network Power, Inc. respectfully requests that the Court dismiss this action pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted.

## II. NETWORK POWER, INC. SHOULD BE DISMISSED UNDER RULE 12(B)(3) FOR IMPROPER VENUE

There are two federal venue statutes applicable to patent infringement actions – 28 U.S.C. §§ 1391(c)-(d) and 1400(b). Under the § 1400(b), an action may be brought against a defendant (1) in a district where the defendant resides, or (2) in a district where the defendant has committed acts of infringement and has a regular and established place of business. *See* 28 U.S.C. 1400(b).

Here, Network Power, Inc. has its principle place of business in Columbus, Ohio. *See* Declaration of Donald Jackson, Exh. A. Its registered agent is located in Dallas, Texas. Neither of those locations is in this judicial district. Thus, Network Power, Inc. does not reside in this district. For the same reasons, Network Power, Inc. does not have a "regular and established place of business" in this judicial district. Moreover, because Network Power, Inc. has never sold any products, including the accused products, Network Power, Inc. could not possibly have committed acts of infringement in this district. *See* Groves Decl., ¶ 2. Thus, the second part of the venue statute is not satisfied.

In a multi-district state (like Texas), venue is proper in "any district in that State within which its [*i.e.*, a corporation's] contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. §

1391(d). The only contact Network Power, Inc. has with Texas is its registered agent located in Dallas, Texas. *See* Jackson Decl., Exh. A. Consequently, the only judicial district in Texas that could be a proper venue for Network Power, Inc. is the Northern District of Texas. Thus, venue under §§ 1391(c)-(d) is not proper in the Eastern District of Texas, and Network Power, Inc. should be dismissed.

### III. CONCLUSION

Emerson Network Power, Inc. should be dismissed from this action because it has never made or sold any of the accused products. Indeed, it has never sold any goods or services. Thus, the complaint fails to state a claim against Emerson Network Power, Inc. Moreover, because Network Power, Inc. has never sold any accused products, and because it does not reside, or have a regular and established place of business, in this judicial district, venue is improper. Accordingly, Network Power, Inc. should be dismissed from this action for this additional reason.

Dated: June 12, 2015

Respectfully submitted,

  */s/ Donald L. Jackson*
Melissa R. Smith
GILLAM & SMITH LLP
303 South Washington Ave.
Marshall, Texas 75670

Donald L. Jackson
James D. Berquist
J. Scott Davidson
DAVIDSON BERQUIST JACKSON & GOWDEY, LLP
8300 Greensboro Dr., Suite 500
McLean, VA 22102

***Attorneys for Defendant Emerson Network Power, Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of June, 2015, a true and correct copy of the foregoing document has been served via the Court's ECF system to all counsel of record.

>*/s/ Donald L. Jackson*
>Donald L. Jackson